480

it may be entirely or partially inadequate for the purpose. But neither now nor at any time hereafter will the mere presence of the language in his pleading injure his adversary.

So, the motion is being denied and over-ruled.

But the allegation, without particularization, of the existence of the annuity prompts the court to seek upon its own motion the facts touching it, its source, its documentary support, its provisions and its limitations, if any. To that end, an order for further pre-trial conference will be made promptly on the filing of the defendant's pleading responsive to the amended complaint. And at that conference also, the facts relevant to the item of funeral expense may be disclosed, and if practicable, agreed upon. If the ultimate facts underlying those two items of claim should thus be unquestionably disclosed, an immediately determinable issue may—but perhaps may still not—be presented.

Bogart & Lonergan, of New York City, for plaintiff.

Levien, Singer & Neuberger, of New York City, for defendant.

KNOX, District Judge.

The within motion is denied, and for two reasons: (1) The Civil Rules of Procedure, 28 U.S.C.A. following section 723c, have been in effect for almost nine years, and by this time, compliance therewith, particularly upon the part of a plaintiff, should almost be automatic, (2) the matter as to whether plaintiff is within the coverage of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., can be more accurately determined by a judge than by a jury.

**BANDER v. BRESLAUER et al.**
Civ. No. 41–59.

District Court, S. D. New York.
July 12, 1947.

**UNITED STATES v. ARENS.**
Civ. A. No. 3070.

District Court, E. D. New York.
June 5, 1947.